[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11562
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00398-ODE-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL SABINO-HERNANDEZ,
a.k.a. Abel Hernandez,
a.k.a. Abel Sabino,
a.k.a. Jose Hernandez Sabino,
a.k.a. Jose Sabino-Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2017)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Abel Sabino-Hernandez, a citizen of Mexico, appeals his 20-month sentence for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that during sentencing the prosecutor engaged in misconduct by misrepresenting the number of times he had entered and been removed from the United States and that the district court relied on the misrepresentations when it imposed a 14-month upward variance from the high end of his guidelines range, rendering his sentence procedurally unreasonable. For the reasons set forth below, we affirm.

I.

After Sabino-Hernandez pled guilty to illegal reentry, the probation office prepared a presentence investigation report ("PSI"). The PSI detailed Sabino-Hernandez's several passages to the United States. In September 1999, Customs and Border Protection ("CBP") encountered him in California and permitted him to return voluntarily to Mexico. The PSI additionally noted that Sabino-Hernandez admitted returning to Mexico (from the United States) in 2001 to care for a family member. By 2003, Sabino-Hernandez was back in the United States, where he was arrested and convicted of various state-law offenses. In October 2010, CBP again encountered Sabino-Hernandez, this time in Arizona, and again permitted him to

2

return voluntarily to Mexico.  Less than a week later, CBP found Sabino-Hernandez back in Arizona.  This time, CBP issued a Notice and Order of Expedited Removal, pursuant to which Sabino-Hernandez was deported to Mexico. In September 2016, Sabino-Hernandez was arrested and jailed in Dekalb County, Georgia, for discharging a firearm near a highway or street and reckless conduct. After confirming that Sabino-Hernandez was a citizen of Mexico and had entered the United States illegally, Immigration and Customs Enforcement ("ICE") took him into custody.

The PSI calculated a base offense level of 8 under U.S.S.G. § 2L1.2(a). With a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a), Sabino-Hernandez's total offense level was 6.  The PSI assigned him no criminal history points, although it noted his previous arrests and convictions, including for driving under the influence, aggravated assault, battery, criminal trespass, and theft by taking, all of which occurred in 2003 and 2004.  Based on an offense level of 6 and a criminal history category of I, the PSI calculated Sabino-Hernandez's guidelines range to be 0 to 6 months' imprisonment.

Neither party objected to the PSI, and at sentencing, the district court accepted the PSI's guidelines range calculation.  Sabino-Hernandez advocated for a within-guidelines sentence.  The government, however, argued for an increased sentence because, according to the prosecutor, "this would be the sixth time that

3

[Sabino-Hernandez] has entered or attempted to enter the United States illegally" and "the fourth time [the government has] had to remove him." Doc. 27 at 2-3.[1] The government asserted that the current Sentencing Guidelines underestimated the seriousness of Sabino-Hernandez's conduct and that his range would have been 24 to 30 months' imprisonment under a previous version of the Guidelines. For these reasons, the government asked for a sentence of 24 months' imprisonment.

The district court agreed with the government that an increased sentence was warranted and sentenced Sabino-Hernandez to 20 months' imprisonment. In support of the upward variance, the court emphasized "the number of times that the defendant has come back to the United States after either being removed or just turned around at the border," which, in the court's view, demonstrated a high risk of recidivism. *Id.* at 8. Sabino-Hernandez objected to the reasonableness of the sentence. He did not, however, object to the prosecutor's statements regarding the number of times he had illegally reentered and been removed.

This is Sabino-Hernandez's appeal.

## II.

We generally review prosecutorial misconduct claims *de novo*, but where the defendant fails to make an objection to the alleged misconduct before the district court, we review such claims for plain error. *United States v. Merrill*, 513 F.3d

---

[1] "Doc." refers to the numbered entry onto the district court's docket in this case.

4

1293, 1306-07 (11th Cir. 2008).  Under plain error review, we may reverse only if we conclude that there is error, the error is plain, and the error affected the defendant's substantial rights.  *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).  "Once these three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).  In the sentencing context, the test for determining whether an error has impacted a defendant's substantial rights is whether there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different."  *Id.* (internal quotation marks omitted).

To establish prosecutorial misconduct, the defendant must demonstrate that: (1) the prosecutor's remarks were improper, and (2) the remarks "prejudicially affect[ed] the substantial rights of the defendant."  *Merrill*, 513 F.3d at 1307 (internal quotation marks omitted).  A statement is improper if it is a material misstatement.  *United States v. Hands*, 184 F.3d 1322, 1333 (11th Cir. 1999).

We review the procedural reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  A sentence may be procedurally unreasonable if, as relevant here, the district court selects a sentence based on clearly erroneous facts.  *Id.* at 51.  A factual finding is reviewed for clear error and must be supported by substantial evidence.  *United States v. Robertson*,

493 F.3d 1322, 1329-30 (11th Cir. 2007).  A fact will be clearly erroneous only if, upon review, we are "left with the definite and firm conviction that a mistake has been committed."  *Id.* at 1330 (internal quotation marks omitted).

### III.

On appeal, Sabino-Hernandez argues that the government misrepresented the number of times he illegally reentered and was deported.  Although the precise nature of his argument is unclear, it appears that he is alleging prosecutorial misconduct and challenging the procedural reasonableness of his sentence.[2]  We reject both claims.

We first conclude that Sabino-Hernandez cannot show error, plain or otherwise, in either of the prosecutor's statements.  The prosecutor correctly represented, based on information in the PSI, the number of times Sabino-Hernandez was in the country illegally:  (1) CBP encountered him in Arizona in 1999 and permitted him to return to Mexico; (2) he "returned" to Mexico in 2001 (presumably from the United States); (3) he was convicted in 2004 based on arrests in the United States in 2003 and 2004; (4) CBP encountered him in Arizona in

---

[2] Sabino-Hernandez states twice in his brief on appeal that his sentence "was far greater than necessary to comply with the 18 U.S.C. § 3553 factors," but he never provides reasons in support of this assertion.  Appellant's Brief at 9, 12.  To the extent Sabino-Hernandez seeks to challenge the substantive reasonableness of his sentence, we conclude the district court was within its discretion to impose the sentence it did based on the § 3553(a) factors.  *See Gall*, 552 U.S. at 41, 51.  The district court provided "sufficiently compelling [justification] to support the degree of the variance" it imposed, including the need for deterrence in light of Sabino-Hernandez's multiple reentries and prior convictions *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

October 2010; (5) less than a week later, and after he had voluntarily departed, he was encountered again in Arizona; and (6) he was in the United States in 2016 when he was arrested in Dekalb County.  These six data points support the prosecutor's contention that Sabino-Hernandez had entered the country at least six times.  Thus, Sabino-Hernandez cannot demonstrate that the prosecutor's comment was a material misstatement such that it could constitute misconduct.  *See Merrill*, 513 F.3d at 1307

Nor can Sabino-Hernandez show that the prosecutor committed misconduct in stating that the government "had to remove" Sabino-Hernandez on three previous occasions.  It is true that technically Sabino-Hernandez was only removed once previously, because he voluntarily departed the other two times.  Assuming for the sake of argument that the prosecutor's technically imprecise statement was improper, Sabino-Hernandez cannot make the second required showing for prosecutorial misconduct:  that the statement prejudiced him.  *See id.*  The district court acknowledged that Sabino-Hernandez returned illegally to the United States "either being removed *or just turned around at the border*."  Doc. 27 at 9 (emphasis added).  Thus, the district court clearly considered the different circumstances under which Sabino-Hernandez previously had departed from the United States when he encountered immigration officials.

For these same reasons, Sabino-Hernandez's procedural reasonableness challenge fails.  The district court was entitled to rely on the prosecutor's statement that Sabino-Hernandez had illegally reentered the country six times because that fact was not erroneous.  *See Gall*, 552 U.S. at 51.  And assuming for argument's sake that the prosecutor's statement that the government had to remove Sabino-Hernandez on three prior occasions was clearly erroneous, Sabino-Hernandez cannot demonstrate that the district court relied on that statement in determining his sentence.  Thus, he cannot demonstrate that his sentence is procedurally unreasonable.  *See id.*

We therefore affirm the sentence the district court imposed.

**AFFIRMED.**